IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-00238-BR

| | |
|---|---|
| TRACY R. LEWCHUK, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RICHARD R. LEWCHUK, et al., ) | |
| Defendants. ) | |
| ) | |

This action is before the court on plaintiff's motion to remand this action to state court, (DE # 11), and defendant Kurt A. Lewchuk's motion to sever the claims against him and remand them to state court, (DE # 13).

On 30 July 2013, plaintiff, a North Carolina citizen, initiated a separate action ("First Lawsuit") in New Hanover County District Court, North Carolina, against Richard and Christine Lewchuk ("Richard and Christine") regarding ownership of certain real property.[1]  See Lewchuk v. Lewchuk, Case No. 7:13-CV-00178-BR (E.D.N.C.) (DE # 1-1.)  Richard and Christine are the parents of Kurt Lewchuk ("Kurt"), plaintiff's husband, and are citizens of South Carolina. (Compl., DE # 1-1, ¶¶ 3-5; Ans., DE # 16, at 6.)  On 20 September 2013, plaintiff filed this action ("Second Lawsuit") in New Hanover County District Court, once again suing Richard and Christine regarding the ownership of real property and joining Kurt as a defendant, stating claims against him for post-separation support, permanent alimony, and equitable distribution. (Compl., DE # 1-1).  Kurt is a citizen of North Carolina.  (Id. ¶ 2.)  Defendants removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Not., DE # 1.)

---

[1] The court recently dismissed this action without prejudice on plaintiff's motion. See Lewchuk v. Lewchuk, Case No. 7:13-CV-00178-BR (E.D.N.C.) (DE # 22).

Both plaintiff and Kurt filed the present motions on 25 November 2013. Richard and Christine filed a response in opposition to plaintiff's motion to remand on 16 December 2013. (DE # 21.)

Plaintiff contends that this action should be remanded because she and Kurt are both citizens of North Carolina, and thus diversity jurisdiction does not exist. Richard and Christine argue that "[a]n examination of the motion to remand is by necessity inextricably intertwined with an analysis of whether Kurt, who is not a party to the First Lawsuit, is property joined in the Second Lawsuit." (Id, at 2.) They contend that plaintiff's claims against Kurt have no connection with the claims against them and suggest that plaintiff has committed fraudulent misjoinder by joining the parties together in the Second Lawsuit.[2] (Id.) Some courts have found fraudulent misjoinder when a plaintiff includes "claims against certain defendants [that], while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc., 807 F. Supp. 2d 375, 379 (D. Md. 2011). As defendants correctly point out, (Resp., DE # 21, at 3), the doctrine of fraudulent misjoinder has met with varying levels of acceptance among courts. "The Fourth Circuit has not addressed the doctrine . . . , and the status of the doctrine among district courts [in the Fourth Circuit] is muddled." Larson v. Abbott Labs., Civil Action No. ELH-13-00554, 2013 WL 5937824, at *12 (D. Md. Nov. 5, 2013).

This court need not decide in this case whether to accept or reject the fraudulent misjoinder doctrine, because the claims against Kurt are connected to the claims against Richard

---

[2] Interestingly, Richard and Christine submitted in their answer to the First Lawsuit that "[p]laintiff has failed to join a party, . . . Kurt Lewchuk, whose presence is necessary to a full and final disposition of the issues." Lewchuk v. Lewchuk, Case No. 7:13-CV-00178-BR (E.D.N.C.) (DE # 10).

and Christine.  Plaintiff explains in her complaint that Richard and Christine are "added to this action because [they] hold[] title to property that is subject to equitable distribution," namely plaintiff and Kurt's marital residence.  (Comp., DE # 1-1, ¶¶ 3-5.)  It is well established that this is a proper reason to join a third party in an equitable distribution proceeding.  See, e.g., Graves v. Graves, 51 A.3d 521, 525 (D.C. 2012) ("[A]bsent joinder of a third party having concurrent ownership in the marital home, the trial court may not order distribution of the . . . equity in the property."); Daetwyler v. Daetwyler, 502 S.E.2d 662, 666 (N.C. Ct. App. 1998) ("[W]hen a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property.  If a third party holding legal title to property claimed to be marital is not made a party to the equitable distribution proceeding, the trial court has no jurisdiction to enter an order affecting the title to that property." (citations and internal quotation marks omitted)), aff'd, 514 S.E.2d 89 (N.C. 1999) (per curiam); Marital Home Titled in Parents' Names, 14 Equitable Distribution J. 109, 111 (1997) ("If the marital home is titled in the names of one spouse's parents, the trial court may not award the other spouse an interest in the home or otherwise affect the parents' property rights unless they are joined in the litigation." (citations omitted)).

Because the parties are properly joined, complete diversity is lacking, and thus subject matter jurisdiction does not exist under 28 U.S.C. § 1332.  Plaintiff's motion to remand is ALLOWED.  Defendant Kurt Lewchuk's motion to sever and remand is DENIED as moot.  This case is REMANDED to New Hanover County District Court.  The Clerk is DIRECTED to send

3

a copy of this order to the Clerk of that court and close this case.

This 5 March 2014.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge